### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTINA SCHMITT <br> 1005 Prospect Avenue <br> Langhorne, PA 19047 <br><br> Plaintiff, <br><br> v. <br><br> ONE NEWTOWN PROPERTIES, LP, <br> d/b/a THE BIRCHES AT NEWTOWN <br> 70 Durham Road <br> Newtown, PA 18940 <br><br> and <br><br> HERITAGE SENIOR LIVING, LLC <br> 765 West Skippack Pike, Suite 300 <br> Blue Bell, PA 19422 <br><br> and <br><br> EVERGREEN SENIOR MANAGEMENT, LLC <br> 765 West Skippack Pike, Suite 300 <br> Blue Bell, PA 19422 <br><br> Defendants. | CIVIL ACTION <br><br> No. _____ <br><br> **JURY TRIAL DEMANDED** |

### CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Martina Schmitt (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against One Newtown Properties, LP d/b/a The Birches at Newtown ("Defendant Birches"), Heritage Senior Living, LLC ("Defendant Heritage") and Evergreen Senior Management, LLC ("Defendant Evergreen") (collectively "Defendants") for

violations of the Americans with Disabilities Act ("ADA" - 42 USC §§ 12101 *et. seq.*), the Family and Medical Leave Act ("FMLA"- 29 USC § 2601), Pennsylvania common law and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state-law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendants are deemed to reside where it is subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5. Plaintiff has properly exhausted her administrative remedies with respect to her ADA claims because she timely filed a Charge of Discrimination with the Equal Employment

---

[1] Plaintiff will move to amend her instant lawsuit to include claims under the PHRA once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission. Any claims under the PHRA though would mirror the instant claims identically.

Opportunity Commission ("EEOC") and files the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant Birches is a senior-living facility located in Bucks County, Pennsylvania.

9. Defendant Heritage is a company that develops, markets and managers senior housing communities, including Defendant Birches.

10. Defendant Evergreen is a senior living management services company.

11. Defendants should be considered Plaintiff's single, joint and/or integrated employers because: (1) Defendant Evergreen paid Plaintiff, appears on her pay stubs and W-2s and controlled her benefits; (2) Plaintiff physically worked at Defendant Birches, was supervised and managed on a daily basis by their employees and they had authority to hire and fire Plaintiff and (3) Defendant Heritage provided supervision and management to Plaintiff thereby controlling her day-to-day activities. Thus, these entities collectively controlled the terms and conditions of Plaintiff's employment.

12. At all times relevant herein, Defendants acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## **FACTUAL BACKGROUND**

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff is an adult female.

15. Plaintiff was hired by Defendants on or about August 18, 2017.

16. In total, Plaintiff worked for Defendants for more than three years.

17. Plaintiff worked as a full-time Business Office Manager at Defendants' Newtown, PA location.

18. Plaintiff was qualified for her job, as she possessed the requisite skill, experience and knowledge for the position.

19. Throughout her employment, Plaintiff was supervised by Kimberly Cahill-Yannuzzi (Defendant's Executive Director).

20. While working under the supervision of Ms. Cahill-Yannuzzi, Plaintiff performed her job well, was issued praise for her performance and raises and was not issued any written discipline.

21. At all times relevant herein, Plaintiff suffers from serious medical conditions, including diabetes, anxiety and depression.

22. Plaintiff has obtained medical treatment for these conditions for several years and these conditions interfere with and limit Plaintiff in several daily activities, including but not limited to controlling her blood sugar, sleeping, thinking, focusing, concentrating, performing daily chores and, at times, working.[2]

---

[2] This paragraph is not intended to include an exhaustive list of activities which Plaintiff's medical conditions limit and/or interfere with.

4

23. Despite these conditions, Plaintiff was able to perform all the essential functions of her job, with accommodations.

24. Plaintiff informed Defendants' management about her medical conditions and need for time off for same.

25. Despite Plaintiff notifying Defendants about her medical conditions and her need for sporadic time off for same, Defendants did not offer Plaintiff FMLA leave, did not notify Plaintiff about her FMLA rights, did not designate any of her absences as FMLA-qualifying and did not provide Plaintiff with any FMLA documents.

26. In or about June or July of 2020, Plaintiff suffered serious work-related injuries when she fell in a hole in Defendant's parking lot, hit her arm/hand/shoulder and head and lost consciousness.

27. Shortly thereafter, Plaintiff reported her work-related injuries and initiated a worker's compensation claim with Defendant.

28. As a result of Plaintiff's work-related injuries, Plaintiff has suffered from serious medical conditions of her right hand/arm, shoulder and back.

29. Plaintiff has also obtained medical treatment (including, but not limited to, obtaining cortisone shots) and been prescribed medication for these conditions.

30. In or about August 2020, Plaintiff was hospitalized because of the aforesaid medical conditions.

31. Plaintiff notified Defendant of her hospitalization and need to be out of work for same.

32. Despite this notification, Defendants did not offer Plaintiff FMLA leave, did not notify Plaintiff about her FMLA rights, did not designate any of these absences as FMLA-qualifying and did not provide Plaintiff with any FMLA documents.

33. Plaintiff returned to work on or about August 13, 2020.

34. During this short medical leave and upon her return to work, Plaintiff observed and experienced hostility and animosity from Defendant, including being treated in a rude and disrespectful treatment, being called a "clown," being told that she could not take any more time off and that she must return to work immediately, being treated in a cold and distant manner and having her performance nit-picked and criticized.

35. Plaintiff's adult son also worked part-time for Defendants from in or about March 2020 to September 2020.

36. Plaintiff's son suffers from serious mental health and developmental disabilities, including bi-polar disorder and other conditions.

37. Defendant was well aware of Plaintiff's son's medical conditions, as Plaintiff spoke to Defendants about his conditions.

38. In or about 2019 and 2020, Plaintiff observed Defendants refer to her son as a "weirdo" and other derogatory names.

39. Defendants also made negative comments to Plaintiff about "issues with [her] son," which was a reference to his medical conditions and limitations.

40. Despite that Plaintiff's son could only work approximately 20 hours per week, Defendant insisted that he work more than 20 hours per week.

41. Plaintiff spoke to Defendant about this and explained that her son could not work more than 20 hours per week and, if he did, he would need to donate any hours beyond 20 hours to remain in compliance with social-security-disability requirements.

42. In or about late September of 2020, Plaintiff took a few days off to obtain a Covid-19 test and because she was not feeling well.

43. Plaintiff informed Defendants of her need to take this time off from work.

44. On or about September 24, 2020, shortly after reporting her work-related injuries/medical conditions to Defendants, initiating a worker's compensation claim and taking FMLA-qualifying time off from work, Plaintiff was terminated.

45. At the time of her termination, Plaintiff was told by Defendants that she was being terminated for "excessive absences" and "things with your son."

46. Later, Plaintiff was sent a termination letter by Defendants which asserted that she was terminated for (1) "having called off or been tardy more than 25 days," (2) not documenting all of her PTO time; (3) adjusting her son's hours; and (4) providing false information to a resident's family regarding Covid-19.

47. The alleged reasons for Plaintiff's termination are not true and are pretextual, as she (1) notified Defendants of her absences and need for time off; (2) made up any missed time from work by working longer hours and/or on weekends; (3) did not improperly alter or adjust her son's hours and (4) did not provide false information to any families about Covid-19.

48. Based on the foregoing, Plaintiff believes and therefore avers that she was terminated because of her actual/perceived disabilities, her request for accommodations, her association with her disabled son, in retaliation for initiating a worker's compensation claim and

taking FMLA-qualifying medical leave.  Plaintiff also asserts that Defendants failed to accommodate her and interfered with her FMLA rights.

## COUNT I
### Violations of the Americans with Disabilities Act, as amended ("ADA")
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate]**

49. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

50. Plaintiff suffers from qualifying health conditions under the ADA (as amended), which (at times) affects her ability to perform some daily life activities (as discussed *supra*).

51. Plaintiff requested reasonable accommodations from Defendants, including time off from work for medical reasons.

52. Plaintiff was terminated shortly after disclosing her medical conditions to Defendants and requesting accommodations for same.

53. Plaintiff was also subjected to increased hostility and animosity by Defendants' management, including but not limited to Cahill-Yannuzzi, after she disclosed her medical conditions and requested accommodations.

54. As a result, Plaintiff believes and therefore avers that she was terminated by Defendants because of: (1) her known and/or perceived disabilities; (2) her record of impairment; and/or (3) because she requested accommodations, which constitutes unlawful retaliation.

55. Defendants also failed to engage in any interactive process with Plaintiff, despite that she requested accommodations (in the form of medical leave/time off), failed to offer her any time off, failed to have any discussions with her about any accommodations and failed to provide her with any accommodations.

56. These actions as aforesaid constitute violations of the ADA, as amended.

8

## COUNT II
## Violations of the Family and Medical Leave Act ("FMLA")
### (Interference and Retaliation)

57. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

58. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

59. Plaintiff requested leave from Defendants, her employer, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

60. Plaintiff had at least 1,250 hours of service with Defendants in the year preceding her requests for leave.

61. Defendants are engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

62. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

63. Defendants committed interference and retaliation violations of the FMLA by (1) failing to properly notify, offer or approve Plaintiff (for) FMLA leave;  (2) discouraging Plaintiff (via negative treatment and termination) from requesting or taking FMLA leave or otherwise exercising her FMLA rights (3) terminating Plaintiff because she requested and/or took FMLA-qualifying medical leave and to prevent her from taking further FMLA-qualifying leave in the future.

64. These actions as aforesaid constitute violations of the FMLA.

## COUNT III
### Violations of the Americans with Disabilities Act, as amended ("ADA")
(Associational Disability Discrimination)[3]

65. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

66. Plaintiff was qualified for her job and performed it well.

67. Plaintiff's son suffers from qualifying disabilities under the ADA, which Defendants knew about.

68. Defendants treated Plaintiff and her son poorly, mocked Plaintiff's son, expressed annoyance about Plaintiff's son's medical limitations and terminated Plaintiff shortly thereafter.

69. At the time of Plaintiff's termination, she was told that one of the reasons for her termination was because of "issues with [her] son."

70. Thus, Plaintiff's termination occurred under circumstances giving rise to an inference that her association with her disabled son was a determining factor in Defendants' termination decision.

71. These actions also constitute violations of the ADA, as amended.

---

[3] The Third Circuit applies the following standard for a prima facie case of associational disability discrimination: (1) the plaintiff was "qualified" for the job at the time of the adverse employment action; (2) the plaintiff was subjected to adverse employment action; (3) the plaintiff was known by his employer at the time to have a relative or associate with a disability; [and] (4) the adverse employment action occurred under circumstances raising a reasonable inference that the disability of the relative or associate was a determining factor in the employer's decision. *Dodson v. Coatesville Hosp. Corp.*, 773 F. App'x 78, 83 n.8 (3d Cir. 2019); *Den Hartog v. Wasatch Acad.*, 129 F.3d 1076, 1085 (10th Cir. 1997); accord Stansberry v. Air Wis. Airlines Corp., 651 F.3d 482, 487 (6th Cir. 2011); *Hilburn v. Murata Elecs. N. Am., Inc*., 181 F.3d 1220, 1231 (11th Cir. 1999). Our Court has observed that the fourth element can be met, for example, where an adverse employment action was "motivated by unfounded stereotypes or assumptions about the need to care for a disabled person"; the "disabled relative's perceived health care costs to the company"; "fear of an employee contracting or spreading a relative's disease"'; or because the employee was perceived to be distracted by the relative's disability. *Erdman v. Nationwide Ins. Co*., 582 F.3d 500, 511 & n.7 (3d Cir. 2009).

## COUNT IV
### Violations of Pennsylvania Common Law
### (Worker's Compensation Retaliation)

72. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

73. Plaintiff was terminated in retaliation for reporting serious work-related injuries to Defendants and initiating a worker's compensation claim.

74. This conduct is a violation of Pennsylvania common law.[4]

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

---

[4] An employee engages in protected activity under Pennsylvania law when her injury causes the filing of a worker's compensation claim or when she suffers an injury and expresses her intent to pursue such a claim. *See Smith v. R.R. Donnelley & Sons Co.*, No. 10-1417, 2011 U.S. Dist. LEXIS 105347, at *17-18 (E.D. Pa. 2011); *Villard v. Whitemarsh Continuing Care Ret. Cmty,* No. 10-7230, 2012 U.S. Dist. LEXIS 177910, at *11-12 (E.D. Pa. Dec. 14, 2012). The Third Circuit Court of Appeals has directed district courts to apply the Title VII framework for a retaliation claim to a worker's compensation retaliation claim brought under Pennsylvania law. *See Theriault v. Dollar Gen.*, 336 F. App'x 172, 175 (3d Cir. 2009).

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
Jeremy M. Cerutti, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801
Attorney for Plaintiff

Dated: July 6, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Martina Schmitt | : | CIVIL ACTION |
| v. | : | |
| One Newtown Properties, LP, d/b/a The Birches at Newtown, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                               ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 7/6/2021 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1005 Prospect Avenue, Langhorne, PA 19047

Address of Defendant: 70 Durham Road, Newtown, PA 18940; 765 West Skippack Pike, Suite 300, Blue Bell, PA 19422

Place of Accident, Incident or Transaction: Defendants place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/6/2021    _____    ARK2484 / 91538
                  *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify): _____*

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify): _____*
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 7/6/2021    _____    ARK2484 / 91538
                  *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SCHMITT, MARTINA

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
ONE NEWTOWN PROPERTIES, LP, D/B/A THE BIRCHES AT NEWTOWN, ET AL.

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | | 790 Other Labor Litigation | 864 SSID Title XVI | 890 Other Statutory Actions |
| | | | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| | | | | | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | | |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment | 535 Death Penalty | | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | 448 Education | 540 Mandamus & Other | 462 Naturalization Application | | |
| | | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA, PA Common Law and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 7/6/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

[Print]  [Save As...]                                                    [Reset]